[Crim. No. 654.  First Appellate District.—December 7, 1916.]

THE PEOPLE, Respondent, v. R. G. PEEPLES, Appellant.

CRIMINAL LAW—GRAND LARCENY—THEFT OF AUTOMOBILE—MISCONDUCT OF DISTRICT ATTORNEY.—In a prosecution for grand larceny based on a theft of an automobile, it is misconduct on the part of the district attorney in his opening statement to state that he will prove that certain parts of the automobile in question had been changed, and that the parts substituted for them had been taken from another automobile which also had been stolen, and during the trial repeatedly to propound questions to witnesses incorporating references to other stolen automobiles; but where the court, upon objection by counsel for the defense, instructs the jury that such reference in the terms employed is improper, the misconduct is not prejudicial to the defendant.

ID.—ARGUMENT—OFFER TO REFER CASE TO PROBATION OFFICER.—In such a case it is misconduct on the part of the district attorney in his closing argument, in reply to the argument of defendant's counsel referring to the hardship of taking his client from the bosom of his family and sending him to the penitentiary, to offer to refer the case to the probation officer to look into defendant's past record and see if he is entitled to probation; but where, upon objection of the defense, the district attorney withdrew the statement, and the court instructed the jury to disregard it, it was not prejudicial to the defendant.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.  J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

William F. Herron, George Damon, and Allen C. Cunha, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with the crime of grand larceny, it being alleged that he stole an automobile of the value of one thousand two hundred dollars.  The appeal is from the judgment of conviction and from an order denying his motion for a new trial.

The only serious point in the case is as to certain conduct of the district attorney during the trial claimed by the appellant to amount to serious misconduct, and to have gravely prejudiced him in the minds of the jury. In his opening statement the district attorney stated that he would prove that certain parts of the automobile in question had been changed, and that the parts substituted for them had been taken from another automobile which also had been stolen. Repeatedly during the trial the district attorney in questions propounded by him to witnesses incorporated therein references to other stolen automobiles. If he desired to show—as doubtless he did—that parts and accessories of other automobiles had been substituted for parts of this automobile for whatever material bearing such testimony would have on the case, he of course was warranted in doing so; but we can perceive no good reason—indeed no excuse—for referring to the other automobiles as having been feloniously taken from their owners. Moreover, after the first reference to "other automobiles which were stolen," when the court, upon objection by counsel for the defendant, instructed the jury that such reference in the terms employed was improper, it was the plain duty of the district attorney to refrain from again offending in that regard. This he did not do.

In his closing address to the jury, referring to a portion of the argument of defendant's counsel, wherein the latter dwelt at length upon the hardship of taking his client from the bosom of his family and sending him to the penitentiary, the district attorney made a remark to the effect: "I will make the same agreement that I did the other day. If the defendant is convicted I will consent to his case being referred to the probation officer to look up his past record and to see if he is entitled to probation." This is a statement that the district attorney had no right to make. It is possible it was made, as claimed by the defendant, for the purpose of facilitating a conviction of the defendant, by reason of the jury supposing that leniency would be subsequently extended to him. However, it is a matter of general knowledge that a person convicted of crime is entitled to apply for probation, which it is in the court's discretion to grant irrespective of the attitude of the district attorney in reference thereto. In this case the counsel for the defendant immediately assigned the remark quoted as misconduct, whereupon the district at-

torney withdrew it, and asked the jury to disregard it, saying in part: "I withdraw that statement. The district attorney desires at this time to withdraw anything he has said with reference to the probation officer. . . . Remember, gentlemen, that you are here under your solemn oaths as jurors to be guided by the evidence and the law, 'and the question of what is to be done with this defendant if convicted is matter of no concern of yours." This statement by the prosecuting officer was equivalent to an admonition by the court to the jury to disregard the remark to which exception had been taken; and the court, moreover, in each of the instances referred to when objection was made instructed the jury to so disregard them.

Complaints of misconduct on the part of prosecuting officers in the trial of causes are quite frequent. It is to be regretted that these officers in the heat of contest so often imperil judgments of conviction by their verbal excesses. In the present case, however, a careful examination of the record discloses that the evidence abundantly supports the verdict, and it is clear that the defendant was guilty of the offense charged. In view of the fact that the jury was admonished in each instance to disregard in their deliberations the statements of which complaint was made, we will assume that the instructions of the court were followed and that no prejudice to the defendant resulted.

The court did not abuse its discretion in refusing to grant defendant's motion for a continuance of the trial of the case; and in our opinion the instructions of the court to the jury fully and fairly covered the law applicable to the facts of the case.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 6, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1917.